IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KRISTEN FITZHUGH, on behalf of** | ) | **CASE NO.** |
| herself and others similarly situated, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| **AMERICAN INCOME LIFE** | ) | |
| **INSURANCE COMPANY and** | ) | |
| **TORCHMARK CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, KRISTEN FITZHUGH, and files this lawsuit against Defendants, AMERICAN INCOME LIFE INSURANCE COMPANY and TORCHMARK CORPORATION, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"or "the Act") and for this cause of action states the following:

1. Defendant American Income Life Insurance Company is an Indiana Corporation (hereinafter "AIL"), headquartered in Waco, Texas and a wholly owned subsidiary of Defendant, Torchmark Corporation (hereinafter "Torchmark"), a Delaware Corporation, headquartered in McKinney, Texas. AIL and Torchmark conduct business in forty-nine (49) of the United States, including the State of Ohio. Upon information and belief, Torchmark is the entity responsible for

creating and assisting in implementing the policy at issue and is also an employer under the FLSA.

2. Plaintiff Kristen Fitzhugh is a resident of Lorain County, Ohio and at all times relevant to this action, performed her relevant job duties in said county as well as throughout the Northern District of Ohio.

3. At all times material to this action, Plaintiff called on clients who were also located throughout the Northern District of Ohio. Plaintiff seeks to represent not just herself, but also those similarly situated. Throughout this complaint, where Plaintiff makes allegations concerning herself, it should also be construed as making allegations about those similarly situated.

4. This action is brought pursuant to the FLSA, 29 U.S.C §201 <u>et seq.</u> and specifically the collection action provision of the Act found at Section 216(b), to remedy violations of the wage provisions of the FLSA by Defendants which have deprived Plaintiffs of lawful wages.

5. This action is brought to recover unpaid compensation owed to Plaintiff pursuant to the FLSA. For at least three years prior to filing this complaint, Defendants had a uniform policy and practice of intentionally misclassifying its Insurance Agents as "independent contractors," instead of employees. By misclassifying the Plaintiff as an independent contractor, Defendants seek to escape the minimum wage and overtime requirements of the FLSA. They further seek to avoid paying their share of payroll taxes, workers compensation premiums and other benefits to which most other employers are required to provide.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Ohio, Eastern Division.

7. Defendants are subject to personal jurisdiction in the Northern District of Ohio.

8. At all times material to this action, Defendants are enterprises engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

9. At all times relevant to this action, Defendants was an "employer" of Plaintiff as defined by §203(d) of the FLSA.

10. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

11. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants and Plaintiff. The Plaintiff was covered by §§206 and 207 of the FLSA while they were contracted with Defendants.

12. At all times relevant to this action, Defendants employed Plaintiff in the capacity of an Insurance Agent and misclassified her as an independent contractor.

13. The services performed by Plaintiff were a necessary and integral part of Defendants' business.

14. Plaintiff was an Insurance Agent that was required by Defendants to perform certain training functions over and beyond those required for licensing. Plaintiff was not compensated for her training time. Plaintiff was further required to keep set hours, meeting times, attend events and make calls at the Defendants' direction. Plaintiff's compensation was not purely a function of her own skill and willingness to work, but instead was contingent upon on Defendants' assignments and placement. Plaintiff was required to maintain certain conduct and proficiency standards. Plaintiff was subject to critique and discipline if she failed to follow Defendants' directions or meet company goals. Plaintiff was not paid the federal minimum wage

3

for all hours worked. Plaintiff did not receive overtime pay for hours worked in excess of forty hours each week.

15. Defendants intentionally failed and/or refused to compensate Plaintiff properly according to the provisions of the FLSA.

16. The system, practices and duties of the Defendants has existed for more than three years.

17. For at least the last three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations. However, they have intentionally and/or recklessly failed to guarantee the federal minimum wage and overtime pay required by the FLSA.

18. Defendants have intentionally and repeatedly misrepresented the true status of the Insurance Agents. Plaintiff and all others similarly situated relied upon these misrepresentations and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations. Therefore, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) should be tolled for as long as Defendants engaged or engages in the fraudulent and misleading conduct.

19. Defendants have engaged in a widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiff, and other similarly situated employees, in accordance with §§206 & 207 of the FLSA.

20. As a result of Defendants' violations of the FLSA, the Plaintiff has suffered damages by failing to receive the required compensation in accordance with §§206 & 207 of the FLSA.

21. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

22. Defendants' actions in failing to compensate Plaintiff, and others similarly situated, was willful and/or reckless.

23. Defendants have not made a good faith effort to comply with the FLSA.

24. Plaintiff is also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, pursuant to §216(b) of the FLSA, Plaintiff prays for the following relief:

1. That Plaintiff, and all others similarly situated, be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

2. That Plaintiff be awarded reasonable attorneys' fees, including the costs and expenses of this action; and

3. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

Respectfully submitted,


/s/ Thomas D. Robenalt
THOMAS D. ROBENALT (0055960)
SCOTT D. PERLMUTER (0082856)
**Novak, Robenalt, & Pavlik, L.L.P.**
Tower City Center
Skylight Office Tower
1660 West Second Street, Suite 950
Cleveland, Ohio 44113-1498
Phone:  (216) 781-8700
Fax:  (216) 781-9227
Email:   TRobenalt@nrplaw.com
             SPerlmuter@nrplaw.com

Attorneys for Plaintiffs


**PLAINTIFFS FURTHER DEMAND A TRIAL BY STRUCK JURY
ON ALL ISSUES RELATED TO THIS CAUSE**


/s/ Thomas D. Robenalt
Attorney for Plaintiffs

6